UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARKENDY JEAN,
      Petitioner,

v.                                       CIVIL ACTION NO. 15-13145-NMG

KELLY RYAN,
      Respondent.

_____

REPORT AND RECOMMENDATION ON MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS (#18)

## I. INTRODUCTION

      Markendy Jean petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for alleged violations of his constitutional rights. (#1.) In 2007, a jury in the Middlesex Superior Court convicted Jean of second degree murder, carrying a firearm without a license, and possession of ammunition without a license. (#1 at 1.) Jean bases his habeas petition on four grounds: (1) the prosecutor improperly exercised peremptory challenges to exclude minority jurors; (2) the trial court did not give a proper jury instruction on cross-racial identification; (3) the courtroom was improperly closed during jury selection; and (4) trial counsel was ineffective based on his failure to object to the closed courtroom. (#1 at 5-10.) Respondent has moved for dismissal based on Jean's failure to exhaust state remedies with respect to the first two grounds above, the peremptory challenge and jury instruction claims. (#18 at 9.)

## II. PROCEDURAL BACKGROUND

      After his conviction in 2007, Jean appealed to the Massachusetts Appeals Court

("MAC"). (#1 at 9.)  Jean raised three issues in his appeal: (1) he claimed State constitutional violations based on an interview with police officers more than six hours after he surrendered; (2) the jury instruction on cross-racial identification was improper; and (3) the prosecutor improperly exercised a peremptory challenge to an African-American jury member during jury selection. (#18 at 2.)  The MAC denied Jean's petition and affirmed his convictions on March 2, 2010. (#1 at 9.)  *Commonwealth v. Jean,* 76 Mass. App. Ct. 1115 (2010) (unpublished).

Jean then filed an application for leave to obtain further appellate review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"). (#1 at 9.)  In a section titled "Statement of Prior Proceedings" Jean's ALOFAR listed the three grounds he raised to the MAC: (1) violation of his rights under *Commonwealth v. Rosario*, 422 Mass. 28 (1996);[1] (2) violation of his "constitutional right to a representative jury selected on non-discriminatory grounds, where the commonwealth challenged one of a few black jurors;" and (3) "a jury instruction on cross-racial identification provided that the jurors should decide whether the instruction should be followed or applied."  (#16 Supplemental Answer at 471, Appellant's Application for Further Appellate Review to the Massachusetts Supreme Judicial Court, *Commonwealth v. Jean*, No. FAR-18712.)[2]  Jean's ALOFAR then listed two "Issues Presented for Review" for the SJC's consideration:

1. Whether the requirements of *Commonwealth v. Rosario*, 422 Mass. 28 (1996)

---

[1]

In *Rosario,* the court held that "[a]n otherwise admissible statement is not to be excluded on the ground of unreasonable delay in arraignment, if the statement is made within six hours of the arrest (day or night), or if (at any time) the defendant made an informed and voluntary written or recorded waiver of his right to be arraigned without unreasonable delay." 422 Mass. 48, 56 (1996).

[2]

The Supplemental Answer will be cited as #16-SA at (page number).

apply to a joint enterprise between Massachusetts law enforcement officials and those
of another state, when Massachusetts officials request the other state's officer to
interrogate a suspect in a Massachusetts murder, in an attempt to obtain a statement
prior to any court appearance?

2. Whether a *Rosario* waiver must be executed within the six-hour period following
arrest in order to validate a defendant's statement made after expiration of that safe
harbor period?

(#16-SA at 473.)  At the end of the ALOFAR, in the section entitled "Conclusion," one sentence

reads: "Mr. Jean requests this Court, should it grant further appellate review, to review the two

other issues raised on appeal by Mr. Jean: whether the court erred in allowing the

Commonwealth's peremptory challenge of a black juror; and whether a jury instruction on cross-

racial identification was erroneous." (#16-SA at 483.)  The SJC denied Jean's ALOFAR on April

28, 2010.  (#1 at 9.)

Jean next filed a motion for a new trial under Mass. R. Crim. 30(b) with the Middlesex

County Superior Court. (#1 at 11.)  Jean raised two issues: (1) the closed courtroom violated his

Sixth Amendment rights; and (2) ineffective assistance of defense counsel based on failure to

advise Jean on his Sixth Amendment right to a public trial so that he might waive or assert that

right.  *Id.*   The Middlesex County Superior Court denied relief on the two claims, finding that

his right to a public trial had been waived and that he failed to prove his attorney was ineffective.

(#1 at 11; #18 at 3.)  Jean appealed to the MAC and raised the same two claims.  (#1 at 11.)  The

MAC affirmed the denial on May 28, 2015.  *Id.*   Jean filed another ALOFAR ("ALOFAR 2")

with the SJC based on the denial of his Rule 30(b) claims, again alleging violation of his Sixth

Amendment right to a public trial and that counsel was constitutionally ineffective for failing to

object to the closure.  (#18 at 4.)  The SJC denied Jean's ALOFAR 2 on July 24, 2015. (#1 at

11.)  Jean filed this petition for habeas corpus relief with this court on August 13, 2015.  (#1.)

## III. LAW PERTAINING TO EXHAUSTION

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1).  A petition for federal habeas corpus meets the exhaustion requirements of the AEDPA only "where the claim has been 'fairly presented' to the state courts." *Josselyn v. Dennehy*, 475 F.3d 1, 3 (1st Cir. 2007) (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).

To show that he has fairly presented his federal claim to a state court, a "petitioner must show that 'he tendered his federal claim [to the state's highest court] in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of a federal question.'" *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002) (quoting with elisions *Casella v. Clemons*, 207 F.3d 18, 20 (1st Cir. 2000)).  In Massachusetts, an unsuccessful party before the MAC seeks review from the SJC by filing an ALOFAR that includes "a statement of the points with respect to which further appellate review of the decision of the appeals court is sought." *Josselyn,* 475 F.3d at 3.  The First Circuit has articulated at least four ways that a petitioner may fairly present his claim in an ALOFAR:  (1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that it likely alerted the state court to the federal nature of the claim; (3) relying on federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution. *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1986).  A petitioner "may not raise an issue before the Appeals Court, abandon it in his ALOFAR, and then

raise it again in his habeas petition; rather, in order to survive the exhaustion requirement, an issue must be raised within the four corners of the ALOFAR." *Gonsalves v. Thompson*, 396 F. Supp.2d 36, 40 (D. Mass. 2005) (internal quotation marks and citation omitted).

The First Circuit has said that "each case in which a petitioner is alleged to have inadequately presented his or her federal constitutional claims to the state's highest court is both sui generis and fact-driven, turning on its own unique circumstances." *Barresi,* 296 F.3d at 52. In *Barresi*, the court determined that an ambiguous ALOFAR may be presented against a "backdrop" of a petitioner's prior filings from the lower state courts in order to determine whether his claims had been properly exhausted. *Id*. at 53.  However, the "backdrop" reading is limited specifically to ambiguous ALOFARs.  *See Clements v. Maloney*, 485 F.3d 158, 164-165 (1st Cir. 2007) ("[T]he *Barresi* backdrop rule applies only in cases where the ALOFAR . . . was ambiguous about the federal nature of a claim").  The probability of a petitioner's federal habeas claim having been fairly presented to the state's highest court is diminished when the federal claim is presented as an "[o]blique referenc[e] which hint[s] that a theory may be lurking in the woodwork." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988).  The ultimate focus is on "probability—whether it is more likely than not that a reasonable jurist would recognize the constitutional dimensions of the petitioner's claims, given the manner in which those claims were presented." *Barresi*, 296 F.3d at 52.

IV. ANALYSIS

Petitioner failed to present his preemptory challenge and jury instruction claims to the SJC in his ALOFAR.  (#18 at 6-7.)  Jean's ALOFAR explicitly lists the "ISSUES PRESENTED FOR REVIEW" as two questions regarding his rights under *Commonwealth v. Rosario*, state law

claims.  (#16-SA at 473.)   Jean's petition does not reference the first two grounds raised in his habeas petition until the very last sentence of his ALOFAR, when he states in one sentence that the court should review the issues raised before the MAC concerning improper challenge of a black juror and an erroneous cross-racial identification instruction.  (#16-SA at 483.)  This statement does not meet the requirement for fair presentation.

Jean's ALOFAR did not "present the factual and legal underpinnings of the federal claim" to the SJC.  *Josselyn,* 475 F.3d at 3.  The last sentence of Jean's ALOFAR does not cite to the federal constitution or federal precedent, and it does not "presen[t] a federal constitutional claim in a manner that [would have] fairly alert[ed] the state court to the federal nature of the claim." *Gagne,* 835 F.2d at 7.   In *Josselyn*, the First Circuit explained that "finding exhaustion where a claim appeared in the Appeals Court's decision but was omitted from the ALOFAR would unfairly require 'the SJC to go over each and every opinion of the [Appeals Court] with a fine tooth comb, in an unremitting search for errors that the parties have neglected to pursue....'" 475 F.3d at 3 (quoting *Mele v. Fitchburg*, 850 F.2d 817, 823 (1st Cir. 1988)).  By failing explicitly to include these claims in his list of issues as to which he was seeking further review, Jean effectively abandoned these claims in his ALOFAR.  *See Gonsalves,* 396 F. Supp.2d at 40.

Jean's ALOFAR also failed to meet the standards of proper presentation required by Massachusetts appellate procedure. Massachusetts Rule of Appellate Procedure 27.1(a) provides that applications for further appellate review "shall be founded upon substantial reasons affecting the public interest or the interests of justice."  The rule also requires that each application contain "a statement of the points with respect to which further appellate review of the decision of the appeals court is sought" as well as "a brief statement . . . including appropriate authorities,

indicating why further appellate review is appropriate." Further, the First Circuit has said that

the purpose of Rule 27.1 is to "conserv[e] scarce judicial resources and simplif[y] the judicial

task by focusing the court's attention on clearly-delineated, concisely-described issues," which is

accomplished by requiring the SJC to only consider arguments properly presented in an

ALOFAR. *Mele*, 850 F.2d at 21. ("The primary burden of identifying the issues presented by an

appeal must remain with the appellant. A court, unaided by the parties, ought not be expected 'to

ferret out ... evanescent needle[s] from ... outsized paper haystack[s]'") (quoting *Rivera-Gomez v.*

*Adolfo de Castro*, 843 F.2d 631, 635 (1st Cir. 1988)).

Application of the *Barresi* "backdrop" reading is inappropriate because Jean's ALOFAR

is not ambiguous. As noted, Jean's ALOFAR explicitly lists the two issues presented for further

review, neither of which are the first two grounds raised in his habeas petition. (#16-SA at 473.)

The holding in *Barresi* rested on the fact that, "[t]o support his ALOFAR arguments, Barresi

provided citations to state judicial opinions in which the SJC directly addressed the same federal

constitutional rights he was invoking." *Barresi*, 296 F.3d at 53. Here, Jean's ALOFAR does not

provide any citations to state or federal precedent to support his federal claims regarding the

allegedly erroneous peremptory challenge or jury instruction. (#16-SA at 483.)

## V.  A STAY IS NOT APPROPRIATE

In *Rose v. Lundy*, 455 U.S. 509 (1982), decided fourteen years before Congress enacted

AEDPA, the Supreme Court held that federal district courts may not adjudicate petitions

containing both exhausted and unexhausted claims. The Court imposed a rule of "total

exhaustion" and required federal courts to dismiss mixed petitions without prejudice, allowing

petitioners to return to state court to exhaust their claims. *Id.* at 522. At the time *Lundy* was

decided, there was no statute of limitations on the filing of federal habeas corpus petitions, so petitioners could return to state court, exhaust their claims, and go back to federal court easily.

AEDPA preserved *Lundy's* total exhaustion requirement but also imposed a one-year statute of limitations. *See* 28 U.S.C. § 2254(b)(1)(A) and (d).   The interplay between the exhaustion requirement and the statute of limitations creates a conundrum for petitioners with mixed petitions.   One possibility is for the court to dismiss the mixed petition, and for the petitioner to return to state court to exhaust his claims.   However, "[b]ecause dismissal of an entire mixed petition will include the dismissal of those claims already fully exhausted, there is now the danger that, absent any tolling of the limitations period with respect to those claims, by the time the state court proceedings regarding the unexhausted claims have been completed, the original properly exhausted claims may be barred by the expiration fo the limitations period." *Clements v. Maloney*, 359 F. Supp. 2d 2, 11 (D. Mass. 2005).   On the other hand, if the petitioner proceeds to litigate his exhausted claims in federal court by a timely amended petition, while at the same time returning to state court to exhaust his unexhausted claims, "he may find that a later habeas petition seeking to present the latter is greeted by the respondent's motion to dismiss under the 'second or successive petition' branch of the 'abuse of the writ' doctrine." *Id*. at 12 (quoting 28 U.S.C. §2244(b)).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court acknowledged the difficulties created by AEDPA's statute of limitations and the exhaustion requirement. *Id*. at 274.   Recognizing "the gravity of this problem," the court held that a district court should stay a mixed petition and allow the petitioner to return to state court with his unexhausted claims if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially

meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.   In the alternative, if a court determines that a stay is inappropriate, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* at 520 (plurality opinion).

Although Jean has not moved for a stay under *Rhines*, the court has considered whether a stay is warranted under the factors listed there and concludes that it is not.  Jean contends that the jury instruction and peremptory challenge claims were not presented in his ALOFAR due to counsel's failure to elaborate upon them, despite Jean's request that he do so. (#21 at 2.)  This argument cannot amount to good cause for a stay.  *See Power v. O'Brien,* 571 F. Supp. 2d 230, 238 (2008) ("Powers contends that . . . because his counsel was obligated to preserve his claims for federal habeas review, he has established 'good cause'" for stay and abeyance under *Rhines*. This court finds this argument unpersuasive"); *see also Clements*, 485 F.3d at 170 ("the intentional decision to omit some claims from the ALOFAR cannot amount to good cause.").

## VI. CONCLUSION

For the reasons stated above, I find that Jean did not exhaust the two claims in dispute in state court and that a stay is inappropriate under the factors set out in *Rhines*. I therefore RECOMMEND that the Respondent's Motion to Dismiss (#17) be DENIED and that Petitioner be given thirty days from the District Judge's ruling on this recommendation to drop his unexhausted claims.  If Petitioner does so elect, I FURTHER RECOMMEND that the unexhausted claims, the peremptory challenge and jury instruction claims, be DISMISSED WITHOUT PREJUDICE and the petition entertained on the merits as to the two exhausted

claims. If Petitioner declines to so elect, I FURTHER RECOMMEND that the entire petition be DISMISSED.

<u>Review by District Judge</u>

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st  Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

```
                                    /s/ M. Page Kelley
                                    M. Page Kelley
May 17, 2016                        United States Magistrate Judge
```