UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


MARKENDY JEAN,
    Petitioner,

v.                                                CIVIL ACTION NO. 15-13145-NMG

KELLY RYAN,
    Respondent.


REPORT AND RECOMMENDATION ON
PETITION FOR WRIT OF HABEAS CORPUS (#1).

KELLEY, U.S.M.J.

I. Introduction.

On August 13, 2015, Markendy Jean filed this petition for writ of habeas corpus, pro se, pursuant to 28 U.S.C. § 2254 for alleged violations of his constitutional rights. (#1.) In 2007, a jury in the Middlesex Superior Court convicted Jean of second degree murder, carrying a firearm without a license, and possession of ammunition without a license. *Id.* at 1. Jean's petition was originally premised on four alleged constitutional violations. *See id.* Respondent moved to dismiss the petition in its entirety due to Jean's failure to exhaust his state remedies with respect to two of the grounds on which he sought relief. (#17.) The motion to dismiss was fully briefed (##18, 21); this court issued a Report and Recommendation in which it found that Jean had failed to exhaust two of his claims and recommended dismissal of them (#23); the Report and

Recommendation was adopted by the district court (#26); petitioner moved to withdraw the unexhausted claims (#25); and the district court allowed the motion (#27).

Presently before the court is the remainder of Jean's petition, which seeks relief on the two remaining claims: 1) violation of the right to a public trial; and 2) ineffective assistance of counsel. (#32.)

## II. Procedural Background.

After his conviction in 2007, Jean appealed to the Massachusetts Appeals Court (MAC). (#1 at 2.) The MAC denied Jean's appeal and affirmed his convictions on March 2, 2010. *Id.*; *Commonwealth v. Jean,* 76 Mass. App. Ct. 1115 (2010) (unpublished). Jean filed an application for leave to obtain further appellate review (ALOFAR) with the Massachusetts Supreme Judicial Court (SJC), which was denied on April 28, 2010. (#1 at 2); *Commonwealth v. Jean*, 456 Mass. 1107 (2010).

In February of 2012, Jean, with the assistance of counsel, filed a motion for a new trial under Mass. R. Crim. 30(b) in the Middlesex County Superior Court. (#1 at 3; #16 (Supplemental Answer) at 564.)[1] In that motion, Jean, for the first time, raised the two issues that are now pending before this court: (1) that the courtroom was closed to his family and the public during jury empanelment; and (2) ineffective assistance of trial counsel based on a failure to advise Jean of his Sixth Amendment right to a public trial so that he might waive or assert that right. (#1 at 3; #16-SA at 563-564.) Without an evidentiary hearing, in a Memorandum and Order dated August 15, 2014, the Middlesex County Superior Court[2] denied relief on both

---

[1] The Supplemental Answer will be cited as #16-SA at (page number).

[2] While typically heard by the trial judge, Jean's 30(b) motion was heard by a different Superior Court judge, Kathe M. Tuttman, as the trial judge had retired before Jean filed his motion for new trial. (#16-SA 566, 571.)

claims, finding that his right to a public trial had been waived and that he failed to demonstrate that his attorney was ineffective. (#1 at 3; #16-SA at 563-571.)

With respect to the closed courtroom claim, the motion judge, relying on affidavits submitted in support of and opposition to the motion,[3] found that Jean's trial attorney had informed petitioner of his Sixth Amendment right to a public trial; that trial counsel was unaware of the exclusion of Jean's family during jury empanelment; and that petitioner was aware of his family's absence from the courtroom during jury empanelment. (#16-SA at 569.) Based on these findings, the court concluded that Jean "waived his public trial right, and, by failing to raise the closure issue sooner, he procedurally waived the right as well." *Id.* (citing *Commonwealth v. Lavoie*, 464 Mass. 83, 87 n. 8 (2013)). Reviewing Jean's claim under the appropriate standard for unpreserved errors – a substantial likelihood of a miscarriage of justice[4] – the court found that petitioner "had not met his burden of demonstrating that he was prejudiced by the waiver or that the waiver materially influenced the verdict. . . ." *Id.*

As for the ineffective assistance of counsel claim, the court determined that trial counsel's failure to observe the exclusion of Jean's family did not constitute ineffective assistance of counsel, given that counsel was justifiably focused on discussions with Jean and on jury empanelment and that Jean previously had been made aware of his right to a public trial. *Id.*

---

[3] The affidavits are located in the Supplemental Answer at 572-573 (affidavit of Markendy Jean); 574-575 (affidavit of Bash Jean – petitioner's brother); 668 (affidavit of Jean's trial counsel); 669-670 (affidavit of Markendy Jean); 671-672 (affidavit of Mona Jeudy – petitioner's mother); 673-674 (affidavit of Camille Jeudy – petitioner's uncle); 698-700 (affidavit of the trial court judge); 737-738 (affidavit of Jean's trial counsel).

[4] "'[A] substantial likelihood of a miscarriage of justice' . . . is a limited standard of review akin to the federal 'plain error' standard." *Bucci v. United States*, 662 F.3d 18, 28 (1st Cir. 2011) (internal citation omitted).

3

at 569-571. Because the court failed to find counsel's conduct to be ineffective, it declined to reach the question whether Jean had been prejudiced. *Id.* at 571 n. 7.

In response to the superior court's ruling on his 30(b) motion, Jean appealed to the MAC and raised the same two claims. (#1 at 4.) The MAC affirmed the superior court's decision on May 28, 2015.  *Id.*; *Commonwealth v. Jean*, 87 Mass. App. Ct. 1124 (2015). In so doing, the MAC agreed with the motion judge's findings, and, applying the SJC's holding in the recently decided *Commonwealth v. LaChance*, 469 Mass. 854 (2014),[5] found that Jean "ha[d] not demonstrated that trial counsel's alleged ineffective assistance resulted in prejudice." *Jean*, 87 Mass. App. Ct. at 1124.

Finding no success with the MAC, Jean filed a second ALOFAR (ALOFAR 2) with the SJC, again alleging a violation of his Sixth Amendment right to a public trial and that counsel was constitutionally ineffective for failing to object to the closure. (#1 at 4.) The SJC denied Jean's ALOFAR 2 on July 24, 2015. *Id.* at 5; *Commonwealth v. Jean*, 36 N.E.3d 30 (Table) (2015). Jean filed this petition for habeas corpus relief on August 13, 2015. (#1.)

### III. Standard of Review.

The First Circuit has described the standard of review for a federal court reviewing a state prisoner's petition for habeas relief as follows:

---

[5] The *LaChance* court held

> that where the defendant has procedurally waived his Sixth Amendment public trial claim by not raising it at trial, and later raises the claim as one of ineffective assistance of counsel in a collateral attack on his conviction, the defendant is required to show prejudice from counsel's inadequate performance (that is, a substantial risk of a miscarriage of justice) and the presumption of prejudice that would otherwise apply to a preserved claim of structural error does not apply.

*LaChance*, 469 Mass. at 856.

4

> In order to obtain habeas relief from state custody, a petitioner must show that the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.' 28 U.S.C. § 2254(d)(1). A state court's ruling is contrary to federal law either when it adopts a rule that 'contradicts the governing law set forth in the Supreme Court's cases' or when it reaches a different result from a Supreme Court decision under 'a set of facts that are materially indistinguishable.' *John v. Russo*, 561 F.3d 88, 96 (1st Cir. 2009) (quotations omitted). Even if the state court correctly identifies the law, it may unreasonably apply the law to the facts of the case. To be unreasonable, however, the application of federal law must be 'more than incorrect or erroneous.' *Yeboah–Sefah* [*v. Ficco*], 556 F.3d [53] at 65 [(1st Cir. 2009)] (citing *Williams v. Taylor*, 529 U.S. 362, 411, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000)). In other words, 'some increment of incorrectness beyond error is required.' *Morgan v. Dickhaut*, 677 F.3d 39, 47 (1st Cir. 2012) (quotations and citations omitted). Finally, we only overturn state court factual determinations that are unreasonable in light of the record. 28 U.S.C. § 2254(d)(2).

*Rosenthal v. O'Brien*, 713 F.3d 676, 682-683 (1st Cir. 2013), *cert. denied*, 134 S. Ct. 434 (2013).

IV. Discussion.

A. Ineffective Assistance of Counsel.

To make out his claim for the violation of his Sixth Amendment right to effective counsel, Jean must show that trial counsel's performance was deficient and he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* The Supreme Court has stressed that surmounting *Strickland*'s high bar is never an easy task. *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The appropriate metric to be applied is "whether counsel's assistance was reasonable considering all of the circumstances." *Strickland*, 466 at 688. The court is to pay substantial deference to counsel's performance, *see id.* at 689, and "'indulge a strong presumption' that an attorney's decisions 'might be considered sound trial strategy.'" *Rosenthal*, 713 F.3d at 685 (quoting *Strickland*, 466 U.S. at 689). The elements the claim need not be addressed in any particular order, and the failure to establish either element warrants dismissal. *Strickland*, 466 U.S. at 697.

5

Describing the daunting task that confronts a petitioner such as Jean, the Supreme Court stated:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington v. Richter*, 562 U.S. 86, 102–103 (2011).

Turning to the prejudice prong of the *Strickland* analysis, Jean must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The record makes clear that petitioner's claim for ineffective assistance of counsel was adjudicated on the merits at the state court level. The ultimate conclusion, as stated by the MAC, was that petitioner failed to "demonstrate[] that trial counsel's alleged ineffective assistance resulted in prejudice." *Jean*, 87 Mass. App. Ct. at 1124. Understanding this, Jean finds himself confronted with an almost absolute bar to success on his claim, § 2254(d). To overcome this hurdle, he must qualify for one of the enumerated exceptions as set forth in § 2254(d)(1) and (2).[6]

---

[6] 28 U.S.C. § 2254(d) reads as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

Jean's argument to this court is that the motion judge's findings of fact with respect to his knowledge of his Sixth amendment rights and the state appellate courts' reliance on those facts was error. (*See*, *e.g.*, #32 at 8 ("Mr. Jean indicates that he did not waive his rights to a public trial (Affidavit of Markendy Jean in Support of Motion for New Trial). At the time of his trial and direct appeal, he was unaware he had a constitutional right to have the courtroom open during jury selection (Affidavit of Markendy Jean in Support of Motion for New Trial). He could not have waived a right he did not know he had."); #38 at 8 (explaining that Jean asks this court to determine the facts as set forth in his memoranda).)  However, the motion judge, relying on the same affidavits to which Jean now cites in support of his petition, as well as others submitted in connection with the 30(b) motion, squarely rejected this argument – and was affirmed on appeal – when she found Jean to have had knowledge of his public trial right and waived it. (*See* #16-SA at 569-571.)

The papers submitted in support of his petition make clear that Jean seeks to relitigate the findings of fact in his new trial motion in state court. The conclusion Jean asks this court to reach does not comport with the highly deferential standard set forth in § 2254 with regard to state court findings of fact. *See* 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct."). To rebut this presumption, petitioner must proffer "clear and convincing evidence" to the contrary. *Id.* The affidavits on which Jean relies, which the motion judge reviewed and deemed to be "self-serving," (#16-SA at 569), do not rise to this level.  In other words, the evidence at issue here consists of dueling affidavits, and the trial

---

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

7

court's decision to find certain statements credible was well within her discretion. This court finds nothing in the record sufficient to rebut the § 2254(e)(1) presumption and will take the state court findings of fact as valid.[7]

Applying the state court's factual findings, this court is compelled to find that the state court conclusions did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1); *see Richter*, 562 U.S. at 103. The MAC, relying on *LaChance*, correctly applied the functional equivalent of the *Strickland* prejudice standard and found none.[8,9] The court further finds that the state court conclusions were not "based on an

---

[7] This determination as to the correctness of the state court findings of fact applies to the entirety of Jean's petition. Therefore, the court will, without further indication, rely on the facts as established by the state court in its analysis of Jean's claims.

[8] The SJC, in *LaChance*, required the defendant to show that "counsel's deficiency resulted in prejudice." *LaChance*, 469 Mass. at 858 (citing *Com. v. Saferian*, 366 Mass. 89, 96 (1974)). *Saferian* has long been recognized as largely equivalent to *Strickland*. *See Leng*, 2016 WL 7428221, at *4 (citing *Lynch v. Ficco*, 438 F.3d 35, 48 (1st Cir. 2006); *Scarpa v. Dubois*, 38 F.3d 1, 7 (1st Cir. 1994)).

[9] As the case law makes clear, there is no consensus among the circuits as to whether a petitioner, whose public trial claim has been procedurally waived and now raises the issue as a collateral attack via ineffective assistance, must show prejudice as a result of counsel's alleged ineffective assistance. Thus, the court concludes that the MAC's approach and conclusion were not contrary to clearly established federal law.

Jean relies on *Owens v. United States*, 483 F.3d 48 (1st Cir. 2007), for the proposition that a violation of the right to a public trial is a structural error for which prejudice must be presumed. (*See* #32 at 9.) His reliance on *Owens* is misguided. *See Owens*, 483 F.3d at 64 n. 14 (distinguishing between petitioners seeking relief from a conviction in federal court pursuant to 28 U.S.C. § 2255 and those, like Jean, seeking relief from state court convictions under 28 U.S.C. § 2254, the First Circuit noted that "[t]o the extent that comity and federalism concerns might justify the requirement that a petitioner show prejudice arising out of a structural error, they do not exist here, where Owens is petitioning from a conviction in federal court."). Support for this conclusion can be found in *LaChance*, where the SJC disagreed with the First Circuit's conclusion in *Owens* and found *Owens* inapplicable in the context of a state prisoner seeking habeas relief. *See LaChance*, 469 Mass. at 859-860.

To succeed on his claim, Jean must demonstrate that the state court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. In other words, given that the MAC's conclusion with respect to Jean's need to show prejudice was based on *LaChance*, petitioner must show that *LaChance* runs contrary to clearly established federal law, as interpreted by the Supreme Court. A cursory reading of *Owens* and *LaChance* reveals that Jean cannot succeed in this effort. Indeed, in

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). Thus, the court must, pursuant to 28 U.S.C. §2254(d), leave the state court determination – that petitioner was not prejudiced as a result of any alleged ineffective assistance of counsel – undisturbed. *See* 28 U.S.C. §2254(d). As a result, Jean's petition fails on the second prong of the *Strickland* analysis, and his claim for ineffective assistance of counsel must be denied.

## B. Right to a Public Trial.

Respondent asserts that petitioner procedurally defaulted on his public trial claim by failing to object timely to the closure of the court. (#36 at 9-10.) "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (internal citation and quotation marks omitted). Review of the state court procedural history of Jean's motion for a new trial shows that the last state court to render judgment in the case was the SJC in its denial of ALOFAR2. *See Jean,* 36 N.E.3d 30 (Table). That said, the Supreme Court made clear, in *Ylst v. Nunnemaker*, 501 U.S. 797 (1991), that it is the "last reasoned opinion," *id.* at 803, on which the court is to rely. Here, the last reasoned opinion is the MAC's denial of Jean's 30(b) appeal. *Compare Jean*, 87 Mass. App. Ct. 1124 (providing a written opinion in support of the MAC's decision)*, with Jean*, 36 N.E.3d 30 (Table) (denying further appellate review without any written opinion). The

---

reaching its conclusion that prejudice need not be shown for structural errors, even where the claim has been procedurally waived, the First Circuit relied on Second and Eighth Circuit decisions in support. *See Owens*, 483 F.3d at 65.  In *LaChance*, the SJC's holding that a showing of prejudice is required in situations such as the one here was based on case law from the Eleventh Circuit and Supreme Court of Michigan. *See LaChance*, 469 Mass. at 860.

MAC rejected petitioner's appeal of his right to a public trial claim on procedural default grounds. *See Jean*, 87 Mass. App. Ct. at 1124 ("the right to a public trial may be procedurally waived by the failure to timely object. In such circumstances, as here . . . ."). Given the MAC's reliance on procedural default grounds with respect to Jean's public trial claim, the lack of any substantive opinion on the part of the SJC has no bearing on this court's conclusion that the SJC agreed with the MAC's findings. *See Ylst*, 501 U.S. at 803 (if "the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.").

Understanding that the state appellate courts found Jean's public trial claim to have been procedurally waived, this court's inquiry into the matter is curtailed substantially.

> A federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment. The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits. . . .
>
> [A]bsent showings of cause and prejudice, federal habeas relief will be unavailable when (1) a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds.

*Walker v. Martin*, 562 U.S. 307, 315-316 (2011) (some alteration in original) (internal citation and quotation marks omitted). The Supreme Court has held that the failure by a petitioner, confronted with an adequate state procedural ground that bars review on the merits, to show cause and prejudice can only be excused by "demonstrat[ing] that failure to consider the federal claim will result in a substantial miscarriage of justice." *Harris*, 489 U.S. at 262. This narrow approach "is grounded in concerns of comity and federalism. A state procedural rule is adequate to preclude federal merits review so long as the state regularly follows the rule and has not waived it by relying on some other ground." *Lee v. Corsini*, 777 F.3d 46, 54 (1st Cir. 2015)

10

(internal citation and quotation marks omitted); *see Walker*, 562 U.S. at 316 ("To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'") (internal citation omitted).[10]

Thus, this court's review of Jean's public trial claim is limited to: 1) a determination as to adequacy of the state procedural rule applied by the state courts; 2) if the rule is deemed adequate, a determination as to existence of cause for the default and prejudice resulting from it; and 3) in the event that Jean fails on the preceding two prongs, a finding as to whether the failure to consider the federal claim will result in a fundamental miscarriage of justice. *Walker*, 562 U.S. at 316; *Harris*, 489 U.S. at 262; *Lee*, 777 F.3d at 58.

### 1. Adequacy of the State Procedural Rule.

The failure to object timely at a state criminal trial, i.e., the contemporaneous objection requirement, has been routinely enforced and consistently applied in Massachusetts such that it satisfies the adequacy requirement. *See*, *e.g.*, *Burks v. Dubois*, 55 F.3d 712, 716 (1st Cir. 1995) (collecting cases and citing Mass. R. Crim. P. 22); *see also Thompson v. Massachusetts*, No. CV 15-13956-LTS, 2017 WL 758570, at *6 (D. Mass. Feb. 27, 2017) ("Although Massachusetts appellate courts sometimes review claims for 'miscarriage of justice' despite a failure to contemporaneously object, that sort of discretionary and limited review 'does not in itself indicate that the court has determined to waive' the contemporaneous objection rule and consider the underlying claim on its merits. Federal courts will infer waiver of such a state procedural rule only if the state court makes it 'reasonably clear that its reasons for affirming a conviction rest upon its view of federal law,' rather than the relevant state procedural requirement.") (internal

---

[10] Put in the obverse, "[a] state ground . . . may be found inadequate when discretion has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law," or when the "rule operates to the particular disadvantage of petitioners asserting federal rights." *Walker*, 562 U.S. at 320-21.

citation omitted). The MAC and SJC, in deciding Jean's appeal of the denial of his 30(b) motion, relied on, and did not waive, the contemporaneous objection requirement, as evidenced by the MAC's written opinion denying of petitioner's 30(b) motion. "Consequently, we have before us a classic example of a procedural default[.]" *Burks*, 55 F.3d at 716.

### 2. Cause and Prejudice.

Confronted with a state court judgment anchored to an adequate and independent state ground, petitioner has the burden of proving both cause to excuse the default and prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991).

Cause sufficient to excuse a procedural default

> must relate to an objective factor, external to the defense, that thwarted (or at least substantially obstructed) the efforts of the defendant or his counsel to obey the state's procedural rule. Mere attorney error, not amounting to ineffective assistance in a constitutionally significant sense, is insufficient to constitute cause. The principle hardly could be to the contrary. If inadvertence of counsel, without more, were deemed to constitute sufficient cause, the cause requirement would be reduced to little more than a speed bump on the road to a federal forum.

*Burks*, 55 F.3d at 716-717.

Here, petitioner's trial counsel's performance did not fall below the constitutional threshold. *See supra* Section A. Paying appropriate deference to the state court's findings of fact, *see* 28 U.S.C. § 2254(d), there is nothing in the record to excuse Jean's noncompliance with the contemporaneous objection rule. This alone proves fatal to his claim, and the court need go no further.

### 3. Miscarriage of Justice.

The fundamental miscarriage of justice rule "is a narrow exception to the cause-and-prejudice imperative, seldom to be used, and explicitly tied to a showing of actual innocence." *Lee*, 777 F.3d at 62; *see Burks*, 55 F.3d at 717 (collecting cases). To satisfy this requirement,

Jean must "show a probability that a reasonable jury would not have convicted but for the constitutional violation." *Burks*, 55 F.3d at 718.  There is no support for such an argument here. Moreover, Jean does not contend that the violation of his right to a public trial was more likely than not the cause of his conviction. Rather, he merely asserts that: hypothetically, had the objection been raised and the courtroom remained closed, he would have been entitled to a new trial, (#37 at 7); and that he was "depriv[ed] of his family's support and to the assurance of the basic fairness of the criminal and appearance of fairness . . . [,]" (#32 at 11). These arguments do not satisfy the fundamental miscarriage of justice test. *See*, *e.g.*, *Rasheed v. Duval*, 57 F.3d 1061 (1st Cir. 1995) ("There simply is no substantial claim that the alleged error[s] undermined the accuracy of the guilt . . . determination or any indication that this is the extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent.") (alteration in original) (internal citation and quotation marks omitted); *Lee*, 777 F.3d at 62.

In sum, Jean's petition fails to overcome his procedural default, and his claim for the violation of his right to a public trial must be denied.

## V. Conclusion.

For all the reasons stated, I RECOMMEND that Markendy Jean's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (#1) be DENIED.

## VI. Review by District Court Judge.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The

parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s / M. Page Kelley
M. Page Kelley
March 31, 2017                                      United States Magistrate Judge